# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

KIMBERLY GOUDE,

    Plaintiff,

v.

EMERGE HEALTHCARE GROUP, LLC; FCID MEDICAL INC.; FIRST CHOICE MEDICAL GROUP OF BREVARD, LLC; FIRST CHOICE HEALTHCARE SOLUTIONS, INC.; and LANCE FRIEDMAN,

    Defendants.

Case No. 6:22-cv-1511-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on Plaintiff's Motion for Summary Judgment (Dkt. 44), filed October 2, 2023. Defendants responded in opposition. Dkt. 45. Upon the parties' consent, this case was referred to a magistrate judge to conduct all proceedings and order entry of a final judgment pursuant to 28 U.S.C. 636(c) and Federal Rule of Civil Procedure 73. Dkt. 28. For the reasons discussed below, the Motion is due to be granted in part.[1]

---

[1] This Order only discusses Defendant Lace Friedman's individual liability. The Court defers ruling on Plaintiff's Motion as to all other issues, which will be discussed in subsequent orders to be issued at a later date, if necessary.

## I. BACKGROUND

On August 24, 2022, Plaintiff Kimberly Goude filed a Complaint against Defendants Emerge Healthcare Group, LLC; FCID Medical, Inc.; First Choice Medical Group of Brevard, LLC; First Choice Healthcare Solutions, Inc.; and Lance Friedman, individually. Dkt. 1. The Complaint allegations violations of the Fair Labor Standards Act ("FLSA"), the Florida Minimum Wage Act, the Employee Retirement Income Security act of 1974 ("ERISA"), and Florida common law. *Id.*

Plaintiff alleges that the corporate Defendants and Lance Friedman, in his individual capacity as CEO, employed Plaintiff at a rate of $19 per hour, plus benefits as part of an employee welfare benefit plan. *Id.* at ¶ 54. Plaintiff states that her insurance policies were canceled, in whole or part, due to Defendants' failure to remit payment despite making deductions from her paychecks and that she has not received any pay for hours worked between June 13, 2022, and her final day on July 8, 2022. *Id.* at ¶¶ 69–72.

Defendants do not dispute that they made deductions from Plaintiff's pay during periods in which she was not covered by any insurance plan, and they do not dispute that Plaintiff worked without pay and is owed back wages. Dkt. 44 at 2. After discovery, Defendants only remaining disputes are Friedman's individual liability and whether Plaintiff has set forth facts sufficient for the relief sought from Defendants. Dkt. 45 at 1.

Plaintiff now moves for summary judgment and the matter is ripe for review.

## II.  LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials" to support its position that it is entitled to summary judgment. Fed. R. Civ. P. 56(c)(1)(A). "The court need consider only the cited materials" but may also consider any other material in the record. Fed. R. Civ. P. 56(c)(3).

An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it could affect the outcome of the lawsuit under the governing law. *Id.* The moving party bears the initial burden of identifying those portions of the record demonstrating a lack of genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986*); Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). If the movant shows "an absence of evidence to support the nonmoving party's case," the burden then shifts to the non-moving party to demonstrate that there are,

- 3 -

in fact, genuine disputes of material facts. *Celotex*, 477 U.S. at 325; *see also Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

Summary judgment should only be granted "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A court may not grant summary judgment if doing so would be based on witness credibility determination; the Court must accept the non-movant's competent testimony as true for the purposes of ruling on summary judgment. *Johnson v. Lang*, No. 19-14278, 2022 WL 2734421, at *4 (11th Cir. July 14, 2022) (quoting *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996)) ("It is not the court's role to weigh conflicting evidence or to make credibility determinations; the non-movant's evidence is to be accepted for purposes of summary judgment.").

### III.  DISCUSSION

The FLSA "requires employers who meet its preconditions to pay workers a minimum wage and to provide overtime pay where workers exceed forty hours per week." *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010). In turn, section 207(a) of the FLSA mandates the overtime rate be one and one-half of the employee's regular rate of pay for all hours worked in excess of forty. 29 U.S.C. § 207(a). Thus, "[t]o trigger liability under the FLSA's overtime and minimum wage provisions, a plaintiff must

show: (1) an employee-employer relationship exists between the parties, and (2) he is 'covered' by the FLSA." *Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296, 2019 WL 2931469, at *3 (M.D. Fla. June 19, 2019). Because there is no dispute that Plaintiff is "covered" by the FLSA, the Court need only determine whether Defendant Friedman is considered an employer under the FLSA.

The FLSA broadly defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). To hold an individual defendant liable under the FLSA, a plaintiff must show that the individual defendant is "a corporate officer with operational control of a corporation's covered enterprise" that was "involved in the day-to-day operation or [had] some direct responsibility for the supervision of the employee." *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) (quoting *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986)). Individual liability is not limited solely to corporate officers. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1210 (11th Cir. 2013) (stating that although the decision in *Wargo* recognized personal liability for officers, it did not limit personal liability to officers). In evaluating individual liability, courts examine the "economic reality of the relationship between the parties." *Id.* (quoting *Rodriguez v. Jones Boat Yard, Inc.*, 435 F. App'x 885, 887 (11th Cir. 2011)). Factors considered include "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised

and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (quoting *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997)). But again, the determination of whether an individual is an employer under the FLSA "does not depend on technical or 'isolated factors but rather on the circumstances of the whole activity.'" *Alvarez Perez*, 515 F.3d 1150, 1160 (11th Cir. 2008)

Plaintiff contends there is no genuine dispute of material fact that Friedman is individually liable to Plaintiff as her employer. When deposed, Friedman stated that he is the CEO of the company, Dkt. 44-1 at 19–20, and one of two corporate officers, *id.* at 43:8–9. He testified that he has the power to hire and fire employees and that hiring decisions are brought to him in his capacity as CEO. *Id.* at 47:14–17; 49:1-2. He testified that all of leadership's email communications with employees are filtered through him and sent out only with his approval. *Id.* at 73:8–22. And he testified that he supervised and controlled work schedules. *Id.* at 47:18–20. In his interrogatory answers, Friedman admits that he has the authority to "set or change the compensation of employees; hir[e] or discharge[e] employees; [and] establish employees' terms and conditions of employment." Dkt. 44-18 at 9, 19.

The testimony of Julie Hardesty, the companies' controller, and Gillean Lee, executive assistant to the CEO (Friedman) and CFO and the director of

Human Resources, also supports this finding. Ms. Hardesty testified that Friedman has the final approval for hiring and firing employees. Dkt. 44-2 at 11:13–17. She noted that Friedman is the ultimate decision maker on payroll decisions, meaning that if he did not approve payroll at any given time, it would be held and not paid out to employees. *Id.* at 35:8–18, 35:34–36:6, 36:7–9. Specifically, Hardesty testified that Friedman ultimately made the decision to not pay back wages to former employes. *Id.* at 38:21–24.

Likewise, Ms. Lee testified that Friedman makes the operational decisions like moving units or employees from one location to another, Dkt. 44-3 at 32:12–18, is responsible for signing and obtaining leases, *id.* at 34:23–25, and has the ultimate say over hiring salaried employees, *id.* at 11:3–6. Ms. Lee testified that Friedman makes employment status decisions, i*d.* at 14:20–21, 35:1–4, and that he made the ultimate decision to have employees continue working without pay, *id.* at 18:20–24, 26:16–22.

In response, the only evidence proffered to dispute a factual finding that Friedman is Plaintiff's employer is a single affidavit. Dkt. 45-1. In the affidavit, Friedman states, in a conclusory fashion, that he does not control the day-to-day operations of the companies, is not in control of the operations, does not control the financials, and does not maintain the payables. *Id.* at 1.

Upon consideration of the evidence submitted, I find there is no genuine dispute of material fact that Friedman is individually liable to Plaintiff as her

employer. Taken together, the evidence submitted by Plaintiff points to one conclusion: in economic reality, Friedman controls—and is responsible for—the actions of the post-bankruptcy Emerge entities. Most (if not all) of the factors that Courts consider when determining if an individual is liable as an employer under the FLSA point to the conclusion that Friedman is an employer.[2]

The testimony provided by Friedman's conclusory, self-serving affidavit does not create a dispute of material fact. "It is well-settled that conclusory affidavits, submitted by a nonmoving party in opposition to a motion for summary judgment, will not create an issue of fact for trial." *Org. of Pro. Avicultrists, Inc. v. Kershner*, 564 F. Supp. 3d 1238, 1247 (S.D. Fla. 2021) (citing *United States v. Stein*, 881 F.3d 853 (11th Cir. 2018)). Even further, "[c]onclusory allegations without specific supporting facts have no probative value." *Id.* (citing *Roda v. Univ. of Miami*, 542 F. Supp. 3d 1289, 1294–95 (S.D. Fla. 2021)).

---

[2] Indeed, nearly 40 years ago, the Eleventh Circuit recognized that "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir.1986) (internal quotation marks and citation omitted). Unlike the defendant in that case, there is no dispute that Friedman is the person who ultimately controls the Emerge entities as CEO.

Nor can Friedman rely on this affidavit to contradict his deposition testimony. As the Eleventh Circuit has explained, "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, *without explanation*, previously given clear testimony." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1240 n.7 (11th Cir. 2003) (quoting *Van T. Junkins & Assocs. v. U.S. Indus.*, 736 F.2d 656, 657 (11th Cir. 1984)) (emphasis in *McCormick* and alterations added).

And even if the Court were to consider the affidavit, it would be insufficient to create a dispute of material fact. Mses. Hardesty and Lee both testified that Freidman is the ultimate decisionmaker who approved their actions, the entities' payments, and the operational decisions. That Friedman may have delegated some decisions to others is immaterial because his subordinates knew that they could only act with Friedman's delegation and final approval before executing those decisions. Like President Truman, the buck stops at Freidman's desk.[3]

---

[3] Harry S. Truman Library, *"The Buck Stops Here" Desk Sign*, https://www.trumanlibrary.gov/education/trivia/buck-stops-here-sign (last visited January 22, 2024).

In sum, the testimony and other evidence submitted by Plaintiff establish that Friedman is her employer. He is therefore jointly and severally liable for any damages that result from violations of the FLSA. *See, e.g.*, *Patel*, 803 F.2d at 637–37 (finding that an individual "employer" with operational control over a covered enterprise is an employer along with the covered enterprise, and jointly and severally liable under the FLSA for unpaid wages).

Plaintiff's Motion is therefore due to be granted as to Friedman's individual liability under the FLSA. *Cf. Sumner v. Garner*, No. 6:18-cv-40, 2019 WL 5188434, at *2 (M.D. Fla. June 26, 2019) (finding individual liability under the FLSA on summary judgment where the individual had the authority to hire and fire employees, determine work schedules, and controlled the finances and operations of the company); *Rubio v. Fuji Sushi & Teppani, Inc.*, No. 6:11-cv-1753, 2013 WL 230216, at *5 (M.D. Fla. Jan. 22, 2013) (finding that the president of a company was individually liable under the FLSA).

### IV.  CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion for Summary Judgment (Dkt. 44) is **GRANTED in part** as to Defendant Friedman's individual liability under the FLSA; and

2. The Court defers ruling on the Motion as to remainder of Plaintiff's arguments.

**DONE** and **ORDERED** in Orlando, Florida, on January 22, 2024.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies furnished to:

Counsel of Record