UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KIMBERLY GOUDE
    Plaintiff,
v.                                            CASE NO.: 6:22-cv-1511
EMERGE HEALTHCARE GROUP, LLC
    A Florida Limited Liability Company
FCID MEDICAL, INC.
    a Florida Profit Company,
FIRST CHOICE MEDICAL GROUP OF BREVARD, LLC
    A Delaware Limited Liability Company, and
FIRST CHOICE HEALTHCARE SOLUTIONS, INC.
    A Delaware Corporation, and
LANCE FRIEDMAN,
    individually.
    Defendants.
_____/

**PLAINTIFFS' MOTION FOR LEAVE
TO FILE THE CORRECT DECLARATION IN SUPPORT OF THEIR
MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS**

**COMES NOW**, Plaintiffs, KIMBERLY GOUDE, ("GOUDE"), JEAN DECARLO ("DECARLO"), YOLANDA BERTSCHY ("BERTSCHY"), KEITH NYBERG ("NYBERG"), MICHELLE CIOFFI, ("CIOFFI"), MYRNA PINERO ("PINERO"), THERESA DAVIDSON ("DAVIDSON"), BETTY BORGOS ("BORGOS"), PENNY ROBERGE ("ROBERGE"), and EMELYN BONILLA ("BONILLA") (collectively, "Plaintiffs") by and through the undersigned counsel, and according to Rule 3.01 files this Motion for Leave to allow Plaintiffs to file the correct Declaration in support of

1

their Motion For Attorney's Fees And Non-Taxable Cost (the Motion") and states as follows:

## INTRODUCTION

On July 22, 2025, upon review of Defendants response in opposition to the Motion, the undersigned was made aware of a filing error which he now seeks to correct. Namely, the declaration filed in support of the Motion was an incomplete document, not intended for filing, as it lacked the supporting documents and a signature. The proper declaration includes 63 pages of supporting documentation and a signature of the undersigned. [1]

Upon discovery of the issues, the undersigned immediately sought to correct the issue. Plaintiffs seek leave to file the correct declaration and provide Defendants with time to respond to the information contained in the correct affidavit.

## BACKGROUND

1. On July 7, 2025, the undersigned completed the supplemental brief in support of the Motion, including the supporting declaration, and prepared it for filing.
2. In preparing the declaration, the undersigned created a word document, converted it into a PDF, and saved the file on our internal network with the file

---

[1] Other than the signature and supporting documents, the declarations are the same.

2

name "affidavit". [Doc. 86-1] This incomplete document was not intended to be filed with the Motion.

3. This incomplete declaration was then merged with 63 pages of supporting documents, including a summary, a mediation invoice, and time records in support of the motion for attorney's fees. The completed document was then saved as PDF, signed, and named "affidavit w. exhibits". [2] This completed declaration was the document intended for filing.

4. Both files, "affidavit" and "affidavit w. exhibits", were saved in the same folder on the law firm's system.

5. Once the Motion and support documents were completed, the undersigned directed his staff to file the motion and supporting documents.

6. The Motion and "affidavit" were then filed on July 7, 2025. Doc. 86. At the time of filing, the undersigned did not realize that the incomplete declaration was inadvertently filed. This error is now apparent.

7. On July 21, 2025, Defendants filed their response in opposition to the Motion. The response was reviewed by the undersigned the next morning on July 22, 2025. It was at this point that the undersigned became aware of the filing error and immediately sought to correct the issue.

---

[2] Exhibit A

3

8. The undersigned is respectfully requesting leave to supplement the Motion with the correct declaration attached hereto as Exhibit A, in place of the incomplete declaration filed at Doc. 86-1.

9. Further, Plaintiff request that Defendants be granted the opportunity to respond to the entries which were absent from the incorrectly filed document.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant their motion, supplement Exhibit A of this motion in place of Doc. 86-1, and grant Defendant's leave to respond to the issues identified in the newly filed declaration.

## **LOCAL RULE 3.01(G) CERTIFICATION**

Counsel for the Plaintiffs certifies that prior to filing this motion, on July 22, 2025, counsel conferred with opposing counsel on the relief sought in this motion. Defendant's counsel indicated that he does not object to the filing of the correct declaration provided defendants have the opportunity to respond to it. Therefore, the relief sought herein is Unopposed.

    Dated this 22nd day of July 2025.

                                                          ARCADIER, BIGGIE & WOOD, PLLC

                                                                 */s/Joseph C. Wood, Esquire*
                                                                 Joseph C. Wood, Esquire

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the original of the foregoing was filed with the Clerk of Court by using the CM/ECF system, on this 22nd day of July 2025. Counsel of Record for all parties will receive notice of the electronic filing.

                                        ARCADIER, BIGGIE & WOOD, PLLC
                                        */s/Joseph C. Wood, Esquire*
                                        Joseph C. Wood, Esquire
                                        Florida Bar No. 0093839
                                        2815 W. New Haven, Suite 304
                                        Melbourne, Florida 32904
                                        Primary Email: Office@ABWlegal.com
                                        Secondary Email: Wood@ABWlegal.com
                                        Phone: (321) 953-5998
                                        Fax: (321) 953-6075